PEOPLE ex rel. THOMPSON v. BELDEN et al., Highway Com'rs of Town of Ft. Ann.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. HIGHWAYS (§ 77*)—DISCONTINUANCE—VACATION OF ORDER—GROUNDS.

An order of the highway commissioners discontinuing a highway pursuant to Highway Law (Laws 1890, p. 1192, c. 568) § 80, as amended by Laws 1897, p. 86, c. 204, § 1, and Laws 1904, p. 985, c. 387, § 1, will not be vacated simply because the discontinuance changes the route from the complaining party's place of residence to his other lands, and requires him to travel a shortly lengthened distance.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

2. HIGHWAYS (§ 77*)—DISCONTINUANCE—VACATION OF ORDER.

An order of the highway commissioners discontinuing a highway as having become useless pursuant to Highway Law (Laws 1890, p. 1192, c. 568) § 80, as amended by Laws 1897, p. 86, c. 204, § 1, and Laws 1904, p. 985, c. 387, § 1, will be vacated where one of the three commissioners who owned land on each side of the highway, on the discontinuance of which the absolute title would revert to him, applied for the discontinuance, and took part with the other commissioners in determining that the highway was useless.

Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

Certiorari by the People, on the relation of Israel Thompson, commanding Orin J. Belden and others, as highway commissioners of the town of Ft. Ann, to return their proceedings in the discontinuance of a certain highway in that town. Order discontinuing highway vacated.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank D. Morehouse, for relator.
Robert O. Bascom, for respondents.

CHESTER, J. The proceeding is one under section 80 of the highway laws (Laws 1890, p. 1192, c. 568), as amended by Laws 1897, p. 86, c. 204, § 1, and Laws 1904, p. 985, c. 387, § 1. That section pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vides that the commissioners of highways of a town may, "upon written application and with the written consent of the town board, make an order * * * discontinuing a highway which has become useless since it was laid out, in their town, upon filing and recording in the town clerk's office, with such application, consent and order, a release from all damages from the owners of the lands taken or affected thereby." The highway in question is about 18 rods in length, and is described in the return as the base of a triangle approximately 360 feet in length. The relator is a resident of the town, and liable to be assessed for highway labor therein. His house is located near one end of the portion of the highway ordered to be discontinued, and he owns land at the other end of such highway, and, if the highway is discontinued, it increases the distance between his house and such lands by the highway around the other sides of such triangle by about 143 feet. He claims in the petition that his lands abut on said highway on the easterly side thereof, and that he is greatly affected, injured, and damaged by the discontinuance of such highway. In the return it is denied in one place on information and belief, and in another place absolutely, that he is such abutting owner. Whether he is such abutting owner or not appears to depend upon whether the northerly boundary of the part discontinued is where a fence has been erected at right angles crossing it, or whether it is defined by a line running at an obtuse angle from its westerly side at the northerly end parallel with the other side of the remaining highway. In the one case he would have about 20 feet fronting upon the discontinued highway, and in the other his lands would corner at the point of discontinuance. If he was the owner of lands abutting on the highway or affected by the discontinuance, the discontinuance could not have been made without his filing a release to the town from all damages by reason of the discontinuance. This he has not done, and he claims that he had no notice of the proceedings until after the order of discontinuance was made. We think it is not essential to determine this question, because the order must be reversed for another reason hereinafter stated. We do not agree, however, that the order should be reversed simply because the discontinuance changes the route from the relator's place of residence to his lands, and requires him to travel a shortly lengthened distance in going from one point to the other, because that reason might be assigned by any person who travels on the highway going in either direction, and might prevent in many cases the discontinuance of a highway when in the opinion of the town board and the commissioners of highways sufficient and substantial reasons existed therefor.

The real trouble with this case arises from a matter of more serious nature. The applicant for the discontinuance was one of the three highway commissioners of the town. He owns land on both sides of the highway which he asks to be discontinued. On discontinuance the easement of the public over his lands for highway purposes ceases, and the absolute title reverts to him. He not only asks that the highway be discontinued as useless, but he has taken part with the other highway commissioners of the town in determining that it

is useless, and deciding that it should be discontinued. He has asked for this relief as an individual, and taken part as an official in granting it. This cannot be sanctioned. It is no answer to say that his two associate commissioners of highways joined in the order determining the highway to be useless, and that it should be discontinued. It is true that these two constituted a majority of the commissioners, and that the order of two would have been effectual if he had not been associated with them as a commissioner, but we cannot say how much their official action was influenced by reason of the fact that the applicant was their associate, and acted with them in making the order. Official action of this character in order to be entitled to respect should be uninfluenced by personal considerations or personal interests. These two associates may have deferred to the desires and to the judgment of the applicant because he was their associate, but, whether they did or not, the public would have the right to think they did. No matter how honest the judgment was under such circumstances, it is open to suspicion that it was not the result of the unbiased judgment of these officers in the discharge of a public duty.

We think, for this reason alone, the order must be vacated, with $10 costs and disbursements. All concur.